UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARTELLUS JONES**<br>1257 Kensington Avenue<br>Buffalo, New York 14215<br><br>　　　　Plaintiff,<br><br>v.<br><br>**WILLIAM ROBINSON**, individually and in his official capacity as a police officer for the Buffalo Police Department<br>68 Court Street,<br>Buffalo, New York 14202<br><br>**ANNIEL VIDAL**, individually and in his official capacity as a police officer for the Buffalo Police Department<br>68 Court Street,<br>Buffalo, New York 14202<br><br>　　　　Defendants. | **COMPLAINT**<br>**AND JURY DEMAND**<br><br>Civil Action No. __22-cv-353__ |

Plaintiff, Martellus Jones ("Plaintiff" or "Mr. Jones") by his attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for his complaint against the defendants, William Robinson and Anniel Vidal (collectively referred to as "Defendants"), alleges as follows:

## JURISDICTION

1. This action is brought under 42 U.S.C §§ 1983 and 1988 and under the Fourth and Fourteenth Amendments of the United States Constitution.

2. This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1983.

1

3. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York because the events forming the basis of Plaintiff's complaint occurred in this District.

## PARTIES

5. At all times hereinafter mentioned, Mr. Jones was and is a citizen of the State of New York, County of Erie, residing at 1257 Kensington Avenue, Buffalo, New York 14215.

6. At all times hereinafter mentioned, defendant, William Robinson, was and is a resident of County of Erie, and State of New York. He was and is a police officer employed by the City of Buffalo and was acting within the scope of his employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant Robinson is being sued in his individual capacity for damages caused by his actions and conduct.

7. At all times hereinafter mentioned, defendant, Anniel Vidal, was and is a resident of County of Erie, and State of New York. He was and is a police officer employed by the City of Buffalo and was acting within the scope of his employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant Vidal is being sued in his individual capacity for damages caused by his actions and conduct.

## **FACTUAL BACKGROUND**

### **Overview**

8. On December 17, 2016, Officers William Robinson and Anniel Vidal were working an afternoon shift together.

9. At approximately 8:00 P.M. on December 17, 2016, Officer Robinson observed a 2016 gray Kia Sedona minivan travel through a red light at the intersection of Military Road and Hertel Avenue in Buffalo, New York. The vehicle also appeared to be speeding.

10. Officer Robinson activated his lights and initiated a traffic stop.

11. Officer Robinson approached the vehicle on the driver's side and observed that the occupants included a female driver and Mr. Jones as the front-seat passenger.

12. Officer Vidal approached the vehicle from the passenger side and observed that Mr. Jones was not wearing his seatbelt.

13. Officer Vidal asked Mr. Jones for his identification, and Mr. Jones stated he did not have identification on his person.

14. Officer Vidal then asked Mr. Jones to exit the Kia, turn around, and place his hands on the vehicle so that Officer Vidal could perform a pat-down search.

15. At this time, Officer Robinson approached the passenger side of the Kia. Officer Robison claimed that he smelled feces as soon as Mr. Jones exited the Kia.

16. Both officers claimed that Mr. Jones's pants and underwear were pulled down such that his bare buttocks were visible. Mr. Jones, however, denies this claim by the officers and asserts that the officers pulled down his pants when he exited the vehicle.

17. Officer Robinson claimed that the smell of feces led him to believe that Mr. Jones may have been "stuffing." "Stuffing" is the insertion of contraband into a body cavity for the purposes of concealed transport.

18. Officer Robinson then claimed to observe what he believed to be a small portion of the end of a plastic bag sticking out from between Mr. Jones's buttocks.

19. Following these observations, Officer Vidal handcuffed Mr. Jones.

20. After handcuffing Mr. Jones, Officer Vidal removed a multi-tool from his vest and pulled at the piece of bag that was protruding from Mr. Jones's buttocks.

21. After extracting the bag, Officer Vidal determined that, based on his observations and his training and experience, the bag contained controlled substances.

22. Mr. Jones thereupon was placed under arrest for possession of a controlled substance.

23. As a result of the search of his person conducted by Officers Robinson and Vidal, Mr. Jones was charged with the following: (1) Possession of Cocaine Base with Intent to Distribute (Title 21, United State Code, Sections 841(a)(a) and 841(b)(1)(C)); (2) Possession of Heroin and Butyryl Fentanyl with Intent to Distribute (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)); and (3) Possession of Heroin and Cocaine with Intent to Distribute (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)). *See United States of America v. Martellus Jones*, Case No. 1:17-CR-00086 (W.D.N.Y. 2017). In addition, Mr. Jones was charged with a parole violation based on allegations by Officers Robinson and Vidal that Plaintiff possessed cocaine and heroin on December 17, 2016. *See United States v. Martellus Jones*, Case No. 1:05-CR-00173 (W.D.N.Y. 2005).

24. As a result of the search, Mr. Jones was indicted on the three Federal drug charges on April 27, 2017, and he was arraigned on May 11, 2017. Plaintiff entered a plea of not guilty to all three charges.

25. Mr. Jones was unable to raise bail, and so he spent more than four years in prison as a result of the criminal charges levied against him by Officers Robinson and Vidal.

26. While the charges remained pending against Mr. Jones, he filed a motion for suppression alleging that the search of his person performed by Officers Robinson and Vidal was unlawful because they had used a multi-tool to extract a plastic bag from Plaintiff's buttocks without first obtaining a search warrant.

27. On October 19, 2018, United States Magistrate Judge Michael J. Roemer issued a Report and Recommendation that recommended granting Mr. Jones's motion to suppress the physical evidence obtained by Officers on December 17, 2016, opining that Officers Robinson and Vidal violated Plaintiff's Fourth Amendment right against unreasonable search and seizure.

28. On March 29, 2021, while still awaiting a decision on the Report and Recommendation from United States District Court Judge Richard J. Arcara, Plaintiff filed a motion to dismiss the Federal indictment on speedy trial grounds. Judge Acara granted Plaintiff's motion on June 17, 2021, and the indictment was dismissed.

29. Based on the dismissal of the indictment, Mr. Jones filed a motion for release from custody on June 22, 2021. *See United States of America v. Martellus Jones*, Case No. 1:17-CR-00086 (W.D.N.Y. 2017). That motion was unopposed by the prosecutor.

30. Additionally, in the separate proceeding regarding the alleged parole violation, Mr. Jones filed a motion for release from custody arguing that the three Federal drug

charges that gave rise to the allegation of a parole violation were dismissed and therefore he no longer should be held in custody. *See United States v. Martellus Jones*, Case No. 1:05-CR-00173 (W.D.N.Y. 2005). Again, that motion was not opposed by the prosecutor.

31. On July 1, 2021, a hearing was held before Judge Acara regarding Mr. Jones's motions filed in both matters asking that he be released from custody. During that hearing, it was explained to Plaintiff that, if he accepts a plea of guilty to a parole violation for possession of cocaine and heroin, he would be released from custody on a sentence of time served.

32. Mr. Jones accepted the plea agreement that was offered to him *solely* because he already had served over four years in prison for drug possession charges based on evidence obtained in violation of his Fourth Amendment rights. Although Mr. Jones continued to maintain his innocence, and although he continued to maintain that he did not violate his parole, he accepted the plea agreement to obtain his freedom that unlawfully was taken from him for over four years.

33. Upon accepting the plea agreement, Mr. Jones was released from custody in July of 2021.

34. As a result of the unreasonable search and seizure by Officers Robinson and Vidal, Mr. Jones's unnecessarily spent over four years in jail, and he is entitled to damages for the violation of his constitutionally protected rights.

35. As a direct and proximate result of Defendants' conduct, Mr. Jones has been compelled to retain the services of counsel to protect and enforce his rights, and therefore, Mr. Jones has incurred and continues to incur attorneys' fees, expert fees, and costs for which he

is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. § 1988.

# CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT
### Unreasonable Search and Seizure under 42 U.S.C § 1983
### Against all Defendants

36. Mr. Jones incorporates the allegations contained in paragraphs 1 through 38 of this complaint as if fully set forth herein.

37. At all relevant times, Mr. Jones enjoyed and possessed a right under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his person, home, personal effects, and property.

38. As described above, Defendants unlawfully and unreasonably searched Mr. Jones's person, without lawful authority in the form of probable cause, consent from Mr. Jones, or a validly issued judicial search warrant naming Mr. Jones.

39. Defendants conducted an unauthorized, involuntary, and intrusive body-cavity search on Mr. Jones and seized his personal property without lawful authority.

40. As a direct and proximate result of Defendants' unlawful actions as alleged herein, Defendants deprived Mr. Jones of his rights under the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure.

41. Defendants' conduct was outrageous, intentional, and malicious, or at the very least grossly negligent, exhibiting a reckless disregard and deliberate indifference for Mr. Jones's rights.

42. Defendants' body cavity search and seizure of Mr. Jones's property were not otherwise privileged and were performed in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

43. As a direct and proximate result of the foregoing, Mr. Jones was damaged and injured in an amount to be determined at trial.

44. The aforesaid conduct by Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Mr. Jones claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## SECOND CLAIM FOR RELIEF

**VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS
Violation of Due Process Right to a Fair Trial under 42 U.S.C. § 1983'
<u>Against All Defendants</u>**

45. Mr. Jones incorporates the allegations contained in paragraphs 1 through 44 of this complaint as if fully set forth herein.

46. As explained above, Mr. Jones was deprived of his basic right to a fair institution of criminal proceedings, deprivation of the due process right to justice and fair dealing in the institution and continuation of criminal proceedings, deprivation of the right to a fair trial founded upon proper and adequate evidence, deprivation of the due process right to be shielded from police and prosecutorial excesses and misconduct in violation of the law, and deprivation of

the due process right to a fair trial in violation of Mr. Jones's rights under the Fifth, Sixth, and Fourteenth Amendments.

47. Defendant had ample reason and opportunity to investigate the propriety of the evidence proffered against Mr. Jones, which was obtained in violation of his Fourth Amendment right to be free from unreasonable searches and seizures and that was used to charge and indict the plaintiff with felony drug charges.

48. Nevertheless, defendants continued to prosecute the plaintiff based solely on evidence that they knew, or should have known, was obtained in violation of Mr. Jones's Constitutional rights.

49. As a direct and proximate result of the foregoing, Mr. Jones was damaged and injured in an amount to be determined at trial.

50. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Mr. Jones claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## DEMAND FOR JURY TRIAL

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff, Martellus Jones, prays for relief and demands judgment as follows:

52. That Mr. Jones be awarded compensatory damages against all Defendants in an amount to be determined at trial;

53. That Mr. Jones be awarded punitive damages against all Defendants in an amount to be determined at trial;

54. That this Court, pursuant to 42 U.S.C. § 1988, issue an order awarding Plaintiff reasonable attorneys' fees, together with the costs of this action against all Defendants; and

55. That this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

Dated: May 12, 2022
      Buffalo, New York

                      **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                      Attorneys for Plaintiff

                      *s/R. Anthony Rupp III*
                      R. Anthony Rupp III
                      Chad A. Davenport
                      1600 Liberty Building
                      Buffalo, New York 14202
                      (716) 854-3400
                      rupp@ruppbaase.com
                      davenport@ruppbaase.com

4873-4248-1951, v. 1